# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| DEREK T. CHAPPELL<br>12414 Castlewood Avenue<br>Cleveland, Ohio 44108<br><br>      Plaintiff,<br><br>  -vs-<br><br>UNIVERSITY HOSPITAL HEALTH SYSTEM<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106<br><br>    and<br><br>UNIVERSITY HOSPITALS FACULTY<br>SERVICES, LTD.<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106<br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CASE NO. **1:03CV1983**

· **JUDGE ALDRICH**

MAG. JUDGE VECCHIARELLI

JUDGE

2003 SEP 22 PM 2: 47

**COMPLAINT**
(Trial By Jury Demanded)

## COMPLAINT AND JURY DEMAND

Plaintiff DEREK T. CHAPPELL, complaining of Defendant, alleges as follows:

### PARTIES

1.    Plaintiff DEREK T. CHAPPELL is an individual citizen of the State of Ohio and the United States of America.

2.    Defendants, UNIVERSITY HOSPITALS HEALTH SYSTEM and UNIVERSITY HOSPITALS FACULTY SERVICES, LTD. are business entities conducting business in the State of Ohio and maintaining its principal place of business in the Cleveland, Ohio area.

## NATURE OF CLAIM

3.    This action is brought pursuant to Title VII of Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq., and the Civil Rights Act of 1866, 42 U.S.C. 1981, Section 4112, et seq. of the Ohio Revised Code, the Thirteenth and Fourteenth Amendments of the Constitution of the United States of America, and the common law of the State of Ohio and alleges that Defendant denied Plaintiff opportunities from employment because of his gender and race.

## JURISDICTION AND VENUE

4.    The action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq., and the Civil Rights Act of 1866, 42 U.S.C. 1981, Section 4112, et seq. of the Ohio Revised Code, the Thirteenth and Fourteenth Amendments to the Constitution of the United States of America and the common law of the State of Ohio. This is a proceeding for declaratory, preliminary and permanent injunctive relief and for damages to redress the deprivation of rights secured to Plaintiff by law.

5.    Jurisdiction over the action is conferred on the Court because the action arises under the laws of the United States, this being a suit authorized and instituted pursuant to Title VII. The jurisdiction of her Court is invoked to secure the protection of and to redress deprivation of rights secured by 42 U.S.C. et seq. providing for injunctive and other relief against discrimination in employment on the basis of age, race, or gender. Jurisdiction is also founded upon 28 U.S.C. Sections 1331, 1343 and the pendent jurisdiction of the Court for resolution of state claims arising from a common nucleus of operative facts. The amount in controversy exceeds the sum of Ten Thousand Dollars ($10,000.00) exclusive of interests and costs.

-2-

6.  Venue is in the Northern District of Ohio, Eastern Division, because the unlawful employment practices and acts alleged below were and are being committed in the Eastern Division of the Northern District of Ohio.  Defendants are doing business under the names of University Hospital Health System and University Hospitals Faculty Services, Ltd.

## PARTIES

7.  Plaintiff, DEREK T. CHAPPELL, is a Black male citizen of the United States of America and a resident of the City of Cleveland, Ohio.  He is a member of the protected class under Title VII.  Plaintiff had been employed by the University Hospital Health System and/or University Hospitals Faculty Services, Ltd.

8.  Defendants are engaged in an industry affecting commerce and maintain facilities located within the jurisdiction of the Court and are employers within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq., and the Civil Rights Act of 1866, 42 U.S.C. 1981, Section 411 et seq. of the Ohio Revised Code, and the common law of the State of Ohio.

## ADMINISTRATIVE PROCEDURE

9.  Plaintiff filed a charge of discrimination with the U. S. Equal Employment Opportunity Commission (EEOC), Charge No. 22AA300279 alleging that he was discriminated against based on his race and in retaliation for filing previous charges of discrimination against Defendants, University Hospital Health System and/or University Hospitals Faculty Services, Ltd.

10.  Plaintiff received a Notice of Right to Sue from the EEOC on or about June 25, 2003, entitling him to bring the action within 90 days of receipt thereof and is filing the within

action within ninety days of receipt thereof. (See attached Exhibit "A")

## COUNT I

11.    Plaintiff had been employed with Defendants for 14 years total at the hospital.

12.    Defendants' treatment of the Plaintiff was a violation of the Ohio Revised Code in that Plaintiff was denied equal employment opportunity.

13.    Defendants are engaging in all of the conduct complained of herein, acted willfully, wantonly, and in reckless disregard for the rights and feelings of the Plaintiff.

14.    As a result of the conduct of the Defendants complained of herein, Plaintiff has suffered extreme emotional distress, including embarrassment and humiliation and loss of wages and benefits.

15.    Following Plaintiff's complaints to Defendants, they have continued to apply a disparate standard for black employees and have continued to tolerate similar activities on the part of white employees.

16.    As a result of Defendants' willful actions taken against the Plaintiff because of race, gender and age, in violation of Federal and State laws, there is due and owing to the Plaintiff a sum equal to his pay to the time of the discrimination, plus prejudgment interest, damages for lost pension, insurance, and other fringe benefits, lost future earnings and front pay, liquidated damages, and such costs of the action, including reasonable attorney fees.

## COUNT TWO
### (Discrimination under O.R.C. 4112, et seq.)

17.    Plaintiff realleges and reavers each and every allegation of the foregoing complaint paragraphs number 1 through 16 as though fully set forth verbatim below.

18.  Defendant acted with malice, ill will, and/or hatred toward the Plaintiff and without regard to his legal rights in discriminating against him as to race and otherwise discriminating against him with regard to tenure, terms, conditions, privileges of employment because of his race.

19.  As a direct and proximate result of the Defendants' actions as set forth above, the Plaintiff has suffered damages including but not limited to:

(A)  Loss of wages;
(B)  Loss of pension benefits;
(C)  Loss of insurance benefits;
(D)  Loss of fringe benefits;
(E)  Loss of future earnings and front-pay;
(F)  Loss of reputation;
(G)  Humiliation, embarrassment, and loss of self-esteem;
(H)  Adverse health effects;
(I)  Loss of time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorneys' fees of his action.

## COUNT THREE
### (Retaliation)

20.  Plaintiff realleges as especially set forth herein, each and every allegation contained in paragraphs one (1) through nineteen (19) of the complaint.

21.  During the course of his employment, Plaintiff had filed other claims of discrimination against Defendants and as a consequence, he was harassed.

22.  In engaging in the above described conduct, Defendants was retaliating against Plaintiff Chappell for filing same in violation of Federal law and the Ohio Revised Code.

## COUNT FOUR
### (Retaliation)

23.  Plaintiff realleges as especially set forth herein, each and every allegation contained in paragraphs one (1) through twenty-two (22) of his complaint.

24. Plaintiff filed charges with the EEOC alleging unlawful discrimination on the basis of gender.

25. Plaintiff's treatment was in whole or in part, in retaliation for filing a charge of discrimination claim in violation of 42 U.S.C. 12101 et seq. and the Ohio Revised Code.

## COUNT FIVE
### (Breach of Employment Contract)

26. Plaintiff realleges as of especially set forth herein, each and every allegation contained in paragraphs one (1) through twenty-five (25) of the complaint.

27. Plaintiff and Defendants entered into an implied employment contract whose terms included that Plaintiff would be treated fairly during his working life, and that his gender would not affect his working status.

28. Defendants have breached their contract with Plaintiff.

29. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

## COUNT SIX
### (Intentional Tort)

30. Plaintiff realleges as of especially set forth herein, each and every allegation contained in paragraphs one (1) through twenty-nine (29) of the complaint.

31. Defendants owed Plaintiff a duty to refrain from intentional injury of Plaintiff.

32. Defendants breached their duty to Plaintiff.

33. Defendants' intentional actions as set forth above and relating to Plaintiff's employment with Defendant proximately caused injury to Plaintiff in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with his family, and other emotional distress.

-6-

34.    Defendants' actions proximately caused Plaintiffs damages arising from its intentional infliction of emotional distress.

35.    Defendants' actions constituted an outrageous invasion of Plaintiff's personal rights.

36.    Defendant acted willfully, maliciously, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

37.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

### COUNT SEVEN
### (Negligence)

38.    Plaintiff realleges as of especially set forth herein, each and every allegation contained in paragraphs one (1) through thirty-seven (37) of the complaint.

39.    Defendants owed Plaintiff a duty to refrain from negligent injury of Plaintiff.

40.    Defendants breached their duty to Plaintiff.

41.    Defendants' negligent actions as set forth above and relating to Plaintiff's employment with Defendants proximately caused injury to Plaintiff in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with his family, and other emotional distress.

42.    Defendants' actions proximately caused Plaintiffs damages arising from its negligent infliction of emotional distress.

43.    Defendants' actions constituted a negligent invasion of Plaintiff's personal rights.

44.    Defendants acted negligently and with a reckless disregard for Plaintiff's legal rights.

45.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

## COUNT EIGHT
### (Title VII)

46.     Plaintiff realleges as of especially set forth herein, each and every allegation contained in paragraphs one (1) through forty-five (45) of the complaint.

47.     Defendants' actions, as aforesaid, were retaliatory in nature and a violation of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq.

48.     Plaintiff timely filed a charge with the Equal Employment Opportunity Commission and, thereafter, received a Right to Sue Letter on or about June 25, 2003.

49.     Defendants' maintenance of a pattern and practice of retaliation and discrimination is in violation of the Civil Rights Act of 1964. Defendants' discriminatory practices include, but not limited to the following:

   (A)     Defendants violated the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq., and the Civil Rights Act of 1866, 42 U.S.C. 1981, by retaliating against Plaintiff, by terminating his, although similarly situated employees are not similarly treated.

   (B)     Defendants violated the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., and the Civil Rights Act of 1866, 42 U.S.C. 1981, by not adhering to its own policy against discrimination based upon race and applying a different and arbitrary standard to Plaintiff as an excuse for retaliation.

   (C)     Defendants violated the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq., and the Civil Rights Act of 1866, 42 U.S.C. 1981, by accommodating their hostilities and prejudices by retaliating against Plaintiff as aforesaid.

   (D)     Plaintiff has suffered irreparable harm because of Defendants' discriminatory

-8-

practices.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)  That the Court award Plaintiff an amount to be determined at trial as compensation for his adverse health effects, for the loss of his opportunity to engage in promotional gainful employment, and front pay and back pay for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

(b)  That the Court issue a mandatory injunction directing Defendants to treat Plaintiff in his employment on the same terms and conditions as all other similarly situated employees, and consistent with Plaintiff's contract of employment;

(c)  That the Court enjoin Defendants', their agents, successors, employees, attorneys, and those acting in concert with them from discriminating or retaliating in any way against Plaintiff;

(d)  Enter a declaratory judgment that the acts and practices of Defendants' complained of are in violation of the laws of the State of Ohio and the United States.

(e)  Award Plaintiff actual, compensatory and punitive damages for loss and deprivation of civil rights, humiliation, pain and suffering and intentional infliction of emotional distress.

(f)  That the Court award Plaintiff reasonable attorneys' fees, the costs of the action, prejudgment interest and,

(g)  That the Court grant Plaintiff such other and further relief as may be just,

-9-

equitable, necessary and proper.

Respectfully submitted,

_Oscar Trivers_

Oscar Trivers (0019588)
TRIVERS & DICKERSON, LLC
925 Euclid Avenue
1025 Huntington Building
Cleveland, Ohio 44115-1431
(216) 696-5444

Attorney for Plaintiff

# JURY DEMAND

Plaintiff demands a trial by jury of whatever portions of the cause of action which he is entitled to a jury of his peers.

_Oscar Trivers_

OSCAR TRIVERS (0019588)
Attorney for Plaintiff

-10-

STATE OF OHIO )

)  **A F F I D A V I T**

COUNTY OF CUYAHOGA )

DEREK T. CHAPPELL, being first duly sworn according to law, deposes and says that:

1. That I am a black male, citizen of the United States of America, being between the ages of 40 and 65 years;

2. I had been en employee of University Hospital Health System, University Hospitals Faculty Services, Ltd. since 1988 - 2000 (August);

3. That during my employment at University Hospital Health System, University Hospitals Faculty Services, Ltd., I had maintained the Chart-Room for twelve (12) years;

4. That during that twelve (12) years, I did all of the duties of an external and internal mail-clerk courier;

5. That in the year 2000, Administrator, Vickie Foster stopped the outside driving/delivery and gave it to an outside courier service;

6. That she gave me a new title of Internal Mail Clerk/Courier;

7. That after the year of 2000, I did similar duties 10% of the time for Chart-Room and other duties as assigned;

8. That in the year 2002, Executive Director, Michael Ladevich of Orthopedic Department, eliminated my employment;

9. That Defendants, University Hospital Health System (UHHS) at University Hospital Faculty Services (UHFS) retained two (2) females that worked in the same management center under the same supervisor;

10. That two (2) females who were retained had less seniority, experience and education than I

myself;

11.     That two (2) females that were retained had less job/performance appraisals than myself;

12.     That Defendants did not follow policy rule #35, reduction in work force, effective March,

1996 - Layoff, Elimination Re-Organization Procedures;

FURTHER AFFIANT SAYETH NAUGHT.

_____

DEREK T. CHAPPELL

SWORN TO BEFORE ME and subscribed in my presence this __16__ day of September,
2003.

_____
Notary Public
MY COMMISSION HAS NO EXPIRATION
DATE